**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| NATIONAL UNION FIRE | ) | |
| INS. CO. OF PITTSBURGH, PA., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | 1:06CV939 |
| | ) | |
| REICHHOLD, INC., | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

This is a declaratory judgment action regarding insurance coverage. This matter has been referred to the undersigned on Defendant's motion to dismiss Count Eleven of Plaintiff's Amended Complaint. (docket no. 15). Plaintiff has responded in opposition to the motion and, in this respect, the matter is ripe for disposition. For the following reasons, I will deny the motion to dismiss without prejudice to Defendant's option to refile the motion after the court rules on the underlying insurance coverage issue.

**BACKGROUND**

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania filed this declaratory judgment action, seeking certain declarations from the court regarding its obligation to provide coverage for claims brought by a third party against its insured Defendant Reichhold, Inc. More specifically, Plaintiff alleges that

its umbrella policies do not provide coverage for certain claims brought against Defendant. Plaintiff filed the initial complaint in this court on October 27, 2006. On January 9, 2007, Plaintiff filed an Amended Complaint adding a new Count Eleven, which is the subject of this motion to dismiss. Count Eleven of the Amended Complaint alleges, in full:

> 68. National Unition repeats and incorporates by reference paragraphs 1 through 27 as though fully set herein.
>
> 69. In the Confidential Settlement Agreement and Release executed between Reichhold, Zurich, and National Union with regard to the *Glasslam II* Lawsuit, National Union reserved its rights, including National Union's rights to pursue coverage litigation and to recover from Reichhold the settlement money contributed by National Union to the settlement of the *Glasslam II* Lawsuit.
>
> 70. As the National Union Umbrella Policies do not afford coverage to Reichhold for the *Glasslam II* Lawsuit, National Union has no obligation to indemnify Reichhold for damages incurred in the *Glasslam II* Lawsuit.
>
> 71. Therefore, National Union is entitled to reimbursement of the settlement money contributed by National Union on behalf of Reichhold in the settlement of the *Glasslam II* Lawsuit.

Defendant has filed a motion to dismiss Count Eleven, contending that Plaintiff has no right to reimbursement for settlement amounts paid by Plaintiff in the *Glasslam II* Lawsuit referred to above. The court, however, has not yet issued an order regarding coverage. If the court ultimately determines that the claims at issue are covered by Plaintiff's policies, then any decision regarding Plaintiff's right to reimbursement of settlement monies in Count Eleven will be rendered moot. Thus,

it would be a waste of judicial resources for the court to rule on the reimbursement issue at this stage in the litigation. The court will, therefore, deny without prejudice Defendant's motion to dismiss Plaintiff's Count Eleven. Defendant may refile the motion to dismiss after the court has rendered a decision on the underlying coverage issue.

**CONCLUSION**

For the reasons stated herein, Defendant's pending motion to dismiss (docket no. 15) Count Eleven of the Amended Complaint is **DENIED WITHOUT PREJUDICE** to Defendant's option to refile the motion after the court rules on the underlying coverage issue.

　　　　　　　　　　　　　　　　/s/ Wallace W. Dixon
　　　　　　　　　　　　　　　　WALLACE W. DIXON
　　　　　　　　　　　　　　　　United States Magistrate Judge

Durham, NC
August 28, 2007