# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NATIONAL UNION FIRE INS. CO. OF PITTSBURGH, PA., | ) ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | 1:06CV939 |
| REICHHOLD, INC., et al., | ) ) | **ORDER** |
| Defendants. | ) | |

This is a declaratory judgment action regarding insurance coverage. This matter has been referred to the undersigned on a motion to intervene by Jeld-Wen, Inc. (docket no. 53). Plaintiff and Defendant have both responded in opposition to the motion to intervene. In this respect, the matter is ripe for disposition. For the following reasons, I will deny the motion to intervene.

**BACKGROUND**

Plaintiff National Union Fire Insurance Company of Pittsburgh, Pennsylvania filed this declaratory judgment action, seeking certain declarations from the court regarding its obligation to provide coverage for claims brought by a third party against its insured Defendant Reichhold, Inc. More specifically, Plaintiff alleges that its umbrella policies do not provide coverage for certain claims brought against Reichhold, in which the claimants allege that certain products manufactured by

Reichhold are defective.[1]  Plaintiff filed its original complaint on October 27, 2006, and a first amended complaint on January 9, 2007.

Jeld-Wen, the proposed intervenor, manufactures doors and windows and also manufactures and sells impact-resistant laminated glass.  From 1997 to early 2002, Jeld-Wen purchased drums of resin manufactured by Defendant Reichhold Inc. from Nebula Glass International, Inc. d/b/a Glasslam ("Glasslam") and prefabricated laminated glass using the same resin from Cardinal IG Company ("Cardinal") for use in manufacturing its windows and doors.  The glass was incorporated into Jeld-Wen's door and window products.  According to Jeld-Wen, once these windows and doors were installed into homes and exposed to sunlight, the Reichhold resin began to degrade, causing the glass in the door or window to delaminate, discolor, or both.  Jeld-Wen alleges that it has spent millions of dollars repairing and replacing damaged doors and windows containing delaminated and discolored glass made with the defective Reichhold resin.

On or around May 25, 2005, Jeld-Wen filed a lawsuit against Glasslam and Cardinal in the United States District Court for the Southern District of Florida (the "*Jeld-Wen I*" lawsuit).  (*See Jeld-Wen, Inc. v. Nebula Glass, Int'l, Inc.*, Case No. 05-60860 (S.D. Fla.), Jeld-Wen's Motion to Intervene, Exs. A & B, docket no. 53.)  Glasslam, in turn, named Reichhold as a third-party defendant in that suit.  In June

---

[1] On January 29, 2007, Reichhold filed its Answer to Plaintiff's First Amended Complaint, alleging counterclaims and naming various insurance companies as counter defendants.  (*See* Docket No. 17.)

2007, a jury returned a verdict in favor of Jeld-Wen against Glasslam. On July 10, 2007, the verdict was reduced to a judgment in favor of Jeld-Wen against Glasslam for $1,161,371. In turn, Glasslam obtained a judgment against Reichhold for the same amount.

On September 5, 2007, Jeld-Wen filed a lawsuit against Reichhold and Glasslam in the United States District Court for the Southern District of Florida, alleging, among other things, breach of contract, breach of warranty, misrepresentation, and indemnity. In that pending lawsuit against Reichhold, Jeld-Wen seeks damages for the costs of remediating the problems caused by the allegedly defective Reichhold resin (the "*Jeld-Wen II* lawsuit"). This case is pending as *Jeld-Wen, Inc. v. Nebula Glass International, Inc.,* S.D. Fla., Case No. 07-22326.[2]

Jeld-Wen seeks to intervene in this case to ensure that Reichhold obtains the maximum available insurance coverage for the damages caused to Jeld-Wen by the defective Reichhold resin.

**ANALYSIS**

Intervention As of Right under Rule 24(a)(2)

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, intervention as of right is established when the applicant "claims an interest relating to the property

---

[2] Moreover, a purported class action against Jeld-Wen, Glasslam, and Cardinal Glass is pending in the United States District Court for the Southern District of Florida. Jeld-Wen maintains that although Reichhold is not an original defendant, Reichhold will no doubt be added as a party in the class action. This case is pending as *Jones v. Nebula Glass International, Inc.,* S.D. Fla., Case No. 07-22328.

-3-

Case 1:06-cv-00939-JAB-WWD   Document 75   Filed 01/08/08   Page 3 of 9

or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a)(2). In the Fourth Circuit, a party seeking intervention as of right must demonstrate, "first, an interest sufficient to merit intervention; second, that without intervention, its interest may be impaired; and third, that the present litigants do not adequately represent its interest." *Virginia v. Westinghouse Elec. Co.,* 542 F.2d 214, 216 (4th Cir. 1976).

With respect to whether a party has an interest sufficient to merit intervention, the Fourth Circuit stated in *Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991):

> While Rule 24(a) does not specify the nature of the interest required for a party to intervene as a matter of right, the Supreme Court has recognized that "[w]hat is obviously meant ... is a significantly protectable interest." Whether an interest contingent upon the outcome of other pending litigation constitutes a "significantly protectable interest" has been the source of much disagreement. Some courts have concluded that an intervenor must demonstrate more than "a mere provable claim" in order to be entitled to intervention of right, while others have allowed intervention in a dispute between an insurer and its insured even when the intervenor's interest is contingent on the outcome of other litigation. We find the reasoning of this latter authority persuasive.

*Id.* at 261 (citations omitted). In *Teague*, an insurer brought a declaratory judgment action, requesting that the court find that the insurer's policies did not cover claims brought against the insureds in a class action lawsuit. The district court denied the

motion to intervene by certain class action plaintiffs. On appeal, the Fourth Circuit reversed, finding that the class action plaintiffs should have been allowed to intervene. The Fourth Circuit specifically observed that, although the claims of the class action plaintiffs had not been reduced to judgment when the district court denied intervention, between the time of the filing of the motion to intervene and the appeal, the intervenor-claimants had obtained a judgment of more than $129 million against the insureds. *Id.* at 260. The court further noted that in the declaratory judgment action, the insured specifically sought a determination that it had no obligation "with respect to the Teague Class Action." *Id.* at 261. The Fourth Circuit stated that

> [a]fter seeking a declaratory judgment that it is not liable under the Multimedia Policy with regard to the class action, [the insurer] cannot now be heard to claim that the Teague Intervenors (the class action plaintiffs) lack a sufficient interest to oppose such declaratory judgment. Accordingly, we find that the Teague Intervenors' interest in the subject matter of this litigation is a 'significantly protectable interest.'[3]

*Id.*

Jeld-Wen contends that, under *Teague*, Jeld-Wen has a significantly protectable interest even though it has not yet obtained a judgment against

---

[3] The court further found that the intervenors' ability to protect their interest would be impaired or impeded by the insurer's action if they were not allowed to intervene and that the insureds could not adequately protect the intervenors' interests. *Id.* at 261-62. The *Teague* court specifically noted that "[g]iven the financial constraints on the insureds' ability to defend the present action, there is a significant chance that they might be less vigorous than the Teague Intervenors in defending their claim to be insureds under the [insurance] policy." *Id.* at 262.

Reichhold.[4] Plaintiff and Reichhold respond that since Reichhold's liability for the claims made in *Jeld-Wen II* has not been established, Jeld-Wen's interest in the outcome of this action cannot rise to the requisite level of a significantly protectable interest under Rule 24(a). I first note that I do not read *Teague* to definitively hold that a proposed intervenor has a "significantly protectable interest" within the meaning of Rule 24 whenever the proposed intervenor has pending claims against the insured in a declaratory judgment action brought by an insurer. As noted, the Fourth Circuit, in reversing the district court's denial of intervention in *Teague*, emphasized that the proposed intervenors had obtained a judgment against the insured after the district court denied intervention and before appeal. Here, Jeld-Wen bases its request for intervention on its status as the Plaintiff in the *Jeld-Wen I* and *Jeld-Wen II* litigation. Jeld-Wen's judgment in *Jeld-Wen I,* however, is in favor of Glasslam, not Reichhold, and Jeld-Wen's current claims against Reichhold in

---

[4] Plaintiff and Reichhold argue that since jurisdiction in this court is based on diversity of citizenship, the court may apply North Carolina substantive law regarding the right of a non-party to an insurance contract to intervene in a declaratory judgment action brought by an insurer or to commence a declaratory judgment action against the insurer before the non-party has obtained a judgment against the insured. In opposing the motion to intervene, Plaintiff and Reichhold cite *Whittaker v. Furniture Factory Outlet Shops*, 550 S.E.2d 822 (N.C. Ct. App. 2001), in which the North Carolina Court of Appeals held that a third-party claimant may not bring an action for declaratory judgment against an alleged tortfeasor's insurer before obtaining a judgment against the alleged tortfeasor. In response, Jeld-Wen cites *United Services Automobile Association v. Simpson*, 485 S.E.2d 337 (N.C. Ct. App. 1997), where the North Carolina Court of Appeals granted a motion to intervene under Rule 24 of the North Carolina Rules of Civil Procedure in a declaratory judgment action even though the intervenor had not obtained a judgment against the insured. It is not necessary to discuss these cases because, even if North Carolina substantive law were to apply, Jeld-Wen in this case has not met the requirements for intervention as of right.

-6-

*Jeld-Wen II* have not been reduced to judgment[5] Thus, I find that Jeld-Wen does not have a significantly protectable interest in intervening in this action.

In any event, Jeld-Wen has not shown that its interests will be impaired if it is not allowed to intervene or that Reichhold will not adequately represent Jeld-Wen's interest. The Fourth Circuit has stated that an intervenor's burden of showing inadequacy of representation is "minimal." *Westinghouse Elec. Corp.*, 542 F.2d at 216. When, however, the moving party has the same ultimate objective as a party to the suit, a presumption arises that the moving party's interests are adequately represented. *Id.* To rebut the presumption of adequate representation, the moving party "must demonstrate adversity of interest, collusion, or nonfeasance." *Id.* To be sure, it is in Reichhold's best interest to obtain a finding that the third-party claims against it are insured and to maximize insurance coverage. In asserting lack of adequate representation, Jeld-Wen argues vaguely that Reichhold has indicated that it plans to "husband" its resources to pay out its claims and furthermore that Reichhold has an interest in minimizing the scope of damages. The *scope* of damages, however, is not at issue in this insurance coverage dispute and is only relevant in the underlying lawsuits regarding liability. The only issue in this suit is whether the insurance policies apply to the damages, and it is in the best interest of

---

[5] Jeld-Wen obtained a judgment of $1.16 million against Glasslam in June 2007 (*Jeld-Wen I*), and Glasslam in turn obtained a judgment against Reichhold for the same amount. Jeld-Wen has current pending claims against Reichhold, filed in September 2007 in *Jeld-Wen II*.

both Reichhold and Jeld-Wen to maximize coverage for any damages for which Reichhold may be held liable. For these reasons, Jeld-Wen has not shown that Reichhold will not adequately represent Jeld-Wen's interest, and Jeld-Wen is not entitled to intervene as of right under Rule 24(a)(2).

Permissive Intervention under Rule 24(b)

Jeld-Wen argues alternatively that it should be allowed to intervene under Rule 24(b). Rule 24(b)(2) of the Federal Rules of Civil Procedure provides that permissive intervention may be allowed when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(2). The rule further provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). Courts have overwhelmingly held that where a proposed intervenor has merely a contingent financial interest in a declaratory judgment action to establish insurance coverage, he may not claim that there are common questions of law or fact between the coverage dispute and actions to determine liability for injuries. *See Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 228 (3rd Cir. 2005); *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1312 (11th Cir. 2005) (stating that "the issue of insurance coverage is unrelated to the issue of fault in the [underlying] action"). Here, the fact that Jeld-Wen has only a contingent financial interest in this declaratory judgment action does not establish commonality of law and fact between

-8-

the coverage dispute and the underlying tort actions sufficient to render intervention appropriate under Rule 24(b)(2).

Finally, the court agrees with Plaintiff and Reichhold that allowing Jeld-Wen to intervene in this declaratory judgment action would unnecessarily introduce collateral issues, complicate discovery, obfuscate the court's interpretation of the insurance policies at issue, and generally delay the resolution of this action. *Accord Ace Am. Ins. Co. v. Paradise Divers, Inc.*, 216 F.R.D. 537, 539-40 (S.D. Fla. 2003) (where an insurer brought a declaratory judgment action alleging that injuries sustained by its insured's employee were not covered under its marine insurance policy, and where the employee sought to intervene in the declaratory judgment action, denying the motion and observing that "allowing [the claimant] to intervene in this action would unnecessarily cloud the Court's interpretation of the claims as sought by the original parties and add collateral issues that are irrelevant to the present action"). For all these reasons, permissive intervention is denied.

**CONCLUSION**

Accordingly, Jeld-Wen's motion to intervene (docket no. 53) is **DENIED**.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, NC
January 8, 2008